CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 2 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSE DUBON, # 314871, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-CV-00395 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| M. STANFORD, et al. ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Jose Dubon, # 314871, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Dubon alleges that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.  **Allegations and Claims**

In his complaint, Dubon alleges that sometime in December 2004 he noticed a lump, approximately two centimeters in diameter, on his right wrist. Dubon informed the medical staff of his discomfort and was initially examined by nursing staff on December 27, 2004. At that time he was referred to the physician. Dubon admits that on December 30, 2004, Defendant Dr. Thompson examined him and prescribed a pain reliever and an antibiotic. On January 6 and 7, 2005 Dubon complained to the medical staff that he continued to be experiencing pain as a result of the lump and on both days he was examined by nursing staff and placed on the physician

1

check list. On January 13, 2005 Dubon admits he was re-evaluated by Dr. Thompson, was prescribed a higher dosage of pain medication, the antibiotic was continued, and a biopsy of the lump was taken. On January 19, 2005 Defendant Dr. Smith informed Dubon that the biopsy revealed that lump was a hemangioma, a benign skin tumor, which did not necessitate surgery. Accordingly, Dubon was informed that any efforts to remove the lump would be deemed cosmetic surgery.

Dubon continued to complain of pain in his wrist as a result of the lump. He was re-examined on February 1, 2005, March 1, 2005, March 10, 2005, March 15, 2005, and April 12, 2005. At those times the medical staff again explained that the lump was non-life threatening and did not necessitate surgery.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

### A. Medical Defendants

Dubon alleges that defendants M. Stanford, Dr. Smith, and Dr. Thompson denied him adequate medical care in violation of the Eighth Amendment. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to

demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

In his complaint, Dubon alleges that although he continued to experience discomfort as a result of the lump on his wrist, defendants refused to remove the lump. However, Dubon admits that he was examined by medical personnel on at least eleven different occasions and was prescribed pain medication and an antibiotic. Furthermore, Dubon admits that defendants took a biopsy of the lump which revealed the lump was benign and did not necessitate surgery. As indicated by his claims, Dubon does not allege that he did not receive any treatment at all. Rather, he complains because the lump was not removed. However, as evinced by the medical record, it is clear that Dubon is not suffering from obvious or significant problems as a result of

3

the lump. A biopsy of the lump, which is less than two centimeters in diameter, revealed the lump was a benign hemangioma. Accordingly, his complaint that he required surgery to remove the lump amounts to nothing more than a disagreement between medical staff and inmate as to a proper course or time of treatment.

Additionally, to the extent that Dubon believes that the defendants failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Dubon has failed to state a viable § 1983 claim against M. Stanford, Dr. Smith, and Dr. Thompson. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Supervisory Liability

Dubon makes no specific allegations against A.D. Robinson and an unnamed Director of Health Services in his complaint. However, to the extent that he attempts to assign liability to those defendants based on his supervisory capacity, it must fail.

Supervisory liability requires a showing that the supervisory defendant failed to promptly provide an inmate with needed medical care, the supervisory defendant deliberately interfered with the prison doctor's performance, or that the supervisory defendant tacitly authorized or was indifferent to the prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). In the face of constitutional violations, the supervisor's corrective inaction amounts

to deliberate indifference or tacit authorization of the offensive practice. <u>Slakan v. Porter</u>, 737 f.2d 368, 373 (4thCir. 1984). However, supervisory officials are entitled to rely on the medical judgments made by prison physicians. <u>Miltier</u>, 896 F.2d 854-855.

As noted previously, Dubon received prompt and thorough medical attention following his complaint regarding the lump on his wrist. Accordingly, it is clear that defendants did not interfere with the doctors' treatment. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. Conclusion

Based on the foregoing, I find that Dubon has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 22nd day of June, 2005.

*/s/ Senior United States District Judge*